# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Osmosis, LLC, | Case No.: 2:17-cv-02430-JAD-CWH |
| Plaintiff | **Order Denying Motion for Preliminary Injunction and Granting Motion for Leave to Amend** |
| v. | |
| Bioregenerative Sciences, Inc. and Neogenesis, Inc., | [ECF Nos. 12, 13] |
| Defendants | |

This case concerns a written agreement between Osmosis, LLC and Bioregenerative Sciences, Inc. (BRS) for Osmosis to exclusively sell and distribute certain skin-care products that BRS developed and manufactured. Osmosis alleges that, despite this agreement, BRS allowed its subsidiary, Neogenesis, Inc., to sell and distribute the same products or "spinoffs," which drove Osmosis's business to BRS and Neogenesis and caused Osmosis to lose at least $250,000. Osmosis thus sues BRS and Neogenesis under various contract and tort theories and seeks damages and injunctive and declaratory relief.[1]

Osmosis moves for a preliminary injunction,[2] and BRS and Neogenesis move to amend their answer to assert counterclaims against Osmosis.[3] I deny the motion for a preliminary injunction because Osmosis has not demonstrated that it is entitled to that extraordinary relief. I find that amendment is warranted, so I grant defendants' motion to amend, but I do so without prejudice to Osmosis's ability to move for dismissal under FRCP 12.

---

[1] ECF No. 1.
[2] ECF No. 12.
[3] ECF No. 13.

**Discussion**

I.  **Osmosis's motion for a preliminary injunction [ECF No. 12]**

   A.  **Standard for preliminary injunctive relief**

In *Winter v. Natural Resources Defense Council, Inc.*, the U.S. Supreme Court clarified the legal standard for issuing the extraordinary remedy of pretrial injunctive relief.[4] Under the *Winter* standard, to obtain an injunction, the plaintiff "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest."[5] The Ninth Circuit also recognizes another standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."[6]

   B.  **Osmosis has not demonstrated that it is entitled to injunctive relief.**

Osmosis alleges that Neogenesis was formed because of secret communications between BRS and Osmosis's then chief operating officer, nonparty Steven McGee.[7] McGee was later hired to be Neogenesis's president.[8] Osmosis contends that McGee published three defamatory statements about Osmosis during this lawsuit. The first statement is an email that McGee allegedly sent on November 30, 2017, to Osmosis's customers that negatively comments about

---

[4] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008).

[5] *Id.* at 20.

[6] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)); *accord Towery v. Brewer*, 672 F.3d 650, 657 (9th Cir. 2012) (quoting *Cottrell*, 632 F.3d at 1135).

[7] ECF No. 1 at ¶¶ 19–21.

[8] *Id.* at ¶ 22.

Osmosis and its founder, nonparty Dr. Ben Johnson, and purports to respond to comments that Johnson made about McGee on Facebook.[9] The second statement is an anonymous post made on www.glassdoor.com on November 16, 2017, allegedly by an Osmosis employee who gives a mostly negative review of Osmosis.[10] The third statement is a negative comment about Johnson that someone anonymously sent to one of Osmosis's customers through the "contact us" form on that customer's website.[11]

Although Osmosis doesn't allege a claim for defamation, it does move for a preliminary injunction (1) prohibiting defendants and anyone associated with them from speaking to anyone about Osmosis or anyone associated with Osmosis; (2) prohibiting defendants from speaking to anyone associated with Osmosis about anything; (3) requiring defendants and anyone associated with them to identify any comments they made about Osmosis; and, (4) if any of those comments are on the internet, requiring defendants and their associates to remove them.[12] Osmosis thus seeks a prohibitory injunction imposing a prior restraint on speech, and a mandatory injunction requiring defendants to identify and remove existing speech from public websites. Osmosis must meet a high burden to obtain either form of relief.

Prior restraints against speech are presumptively unconstitutional.[13] As the United States District Court for the Central District of California noted in *Oakley, Inc. v. McWilliams*, courts have upheld injunctions of defamatory speech only in "unique and extenuating circumstances"

---

[9] ECF No. 12-3.

[10] ECF No. 12-4.

[11] ECF No. 12-5.

[12] ECF No. 12.

[13] *See Se. Promotions, Ltd. v. Conrad*, 420 U.S. 546, 558 (1975) ("Any system of prior restraint, however, comes to this Court bearing a heavy presumption against its constitutional validity." (internal quotation marks omitted)).

3

and typically with "vigorous dissents."[14] Similarly, mandatory injunctions are "particularly disfavored" and "are not granted unless extreme or very serious damage will result and are not issued in doubtful cases . . . ."[15]

Osmosis doesn't analyze why the speech that it complains about is defamatory, i.e., false, and thus not entitled to protection under the First Amendment. It also doesn't provide any evidence to show that the speech it complains about is false. It doesn't mention—let alone attempt to overcome—the presumption that prior restraints against speech, like the gag order it seeks, are unconstitutional. It hasn't shown that defendants will continue to make false statements unless they are enjoined from doing so. It doesn't provide any evidence to support its attorney's speculation that this speech will damage Osmosis's goodwill and cause it to lose customers. And Osmosis seeks to restrain significantly more speech than even what it has deemed to be defamatory. Given these deficiencies, I find that Osmosis hasn't met the heavy burden to justify a prior restraint against speech or a mandatory injunction to scrub existing speech from the public domain. I therefore deny Osmosis's motion for a preliminary injunction.

## II. Defendants' motion for leave to amend [ECF No. 13]

BRS and Neogenesis move to amend their answer to assert counterclaims against Osmosis.[16] Rule 15(a)(2) of the Federal Rules of Civil Procedure directs that "[t]he court should freely give leave when justice so requires," but leave to amend may be denied if the proposed amendment is futile.[17] District courts consider five factors in deciding whether to grant leave to

---

[14] *Oakley, Inc. v. McWilliams*, 879 F. Supp. 2d 1087, 1090 (C.D. Cal. 2012) (collecting cases).

[15] *Am. Freedom Def. Initiative v. King County*, 796 F.3d 1165, 1173 (9th Cir. 2015) (internal quotation marks and citation omitted).

[16] ECF No. 13.

[17] *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

4

amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment, and (5) whether the party has previously amended its pleading.[18]

There is no evidence of undue delay or prejudice to Osmosis and defendants have not previously amended their pleading, so three of the factors favor amendment. Osmosis suspects bad faith—that defendants' true purpose is to retaliate against Osmosis for it seeking injunctive relief against them. As support, Osmosis points to the fact that defendants moved to amend only after Osmosis moved for injunctive relief.[19] But the date that defendants filed their motion to amend was also the last day to file such motions under the scheduling order,[20] and defendants explain that their delay in moving to amend was caused in part by the unexpected death of their long-time attorney at the outset of this case. I'm not persuaded that amendment is being sought in bad faith.

Osmosis also argues that amendment is futile. Amendment is futile only if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim.[21] Although Osmosis attacks parts of each proposed counterclaim, its arguments don't completely foreclose the possibility that BRS or Neogenesis could validly assert any of them. Because most of the factors favor amendment and Osmosis's futility arguments are better suited to a motion under FRCP 12, I grant the motion to amend but do so without prejudice to Osmosis's ability to move to dismiss the counterclaim, once it is filed, under FRCP 12.

---

[18] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (internal citation omitted).

[19] ECF No. 17 at 2.

[20] ECF No. 10 at 2 (providing that March 6, 2018, was the deadline to amend pleadings and add parties).

[21] *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Osmosis's motion for a preliminary injunction **[ECF No. 12] is DENIED.**

IT IS FURTHER ORDERED that BRS and Neogenesis's motion for leave to amend **[ECF No. 13] is GRANTED. BRS and Neogenesis must file their amended answer and counterclaim by September 28, 2018.** Osmosis must file any motion under FRCP 12 **within 21 days of the filing of that pleading.**

Dated: September 20, 2018

_____
U.S. District Judge Jennifer A. Dorsey